UNITED STATES of America and Lawrence H. Pennington, Special Agent, Internal Revenue Service, Petitioners-Appellees,

v.

Arnold BERKOWITZ and A & M Berk Tax Service, Inc., Respondents-Appellants.

No. 73–1360.

United States Court of Appeals, Third Circuit.

Argued Nov. 1, 1973.

Decided Dec. 10, 1973.

Arthur L. Gutkin, Berkowitz & Gutkin, Philadelphia, Pa., for respondents-appellants.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, John P. Burke, Daniel F. Ross, Tax Div. Dept. of Justice, Washington, D. C., for petitioners-appellees; Robert E. J. Curran, U. S. Atty., of counsel.

Before ALDISERT and WEIS, Circuit Judges and LATCHUM, District Judge.

## OPINION OF THE COURT

PER CURIAM:

As part of its Tax Preparer's Project which surveyed the accuracy of commercially prepared tax returns, the Internal Revenue Service seeks to secure the names and addresses of all customers of the A & M Berk Tax Service, Inc. for the year 1971. A summons was issued pursuant to the authority granted by 26 U. S.C. § 7602, and, on refusal of appellants to comply, the district court entered an order of enforcement.

The summons was issued after an undercover agent of the Internal Revenue Service, posing as a customer, had an income tax return prepared by the appellant tax service. The completed form did not accurately reflect the financial data furnished by the "customer," and the tax preparer's signature was not affixed as required by Treasury Regulation § 1.605–1.

The Commissioner seeks the requested information to determine if other returns prepared by appellants were faulty and whether additional sums are due the government by the taxpayer customers. While no criminal prosecution against appellants has been commenced, it is not beyond possibility that such action may occur in the future, depending on future investigation.

The appellants defend their noncompliance by asserting:

(1) The requested information is already in the government's possession;

(2) A Section 7602 summons may not be used to gather information on unidentified taxpayers;

(3) The summons is so broad as to violate Fourth Amendment prohibitions against unreasonable searches; and

(4) A Section 7602 summons cannot be used to conduct a criminal investigation.

Even if the corporate appellant had indicated its role on every form which it had prepared, from a practical standpoint those returns would not be readily available to the government since there is no method of retrieval for the 1971 documents. To require the Internal Revenue Service to review individually the millions of forms filed in 1971 is so obviously burdensome as to make the procedure prohibitive. Furthermore, the action of the Berk Tax Service in failing to sign the return secured by pretext naturally leads to suspicion that other customers' returns are similarly deficient and would not be identifiable.

Appellants also claim that the summons is defective because it does not name any particular taxpayers whose returns are being examined and therefore, the procedure is a "fishing expedition" not sanctioned by the statute.

While there are cases which deny the Commissioner the right to compel a third party to produce records pertaining to the financial affairs of unnamed persons, Bisceglia v. United States, 486 F.2d 706 (6th Cir. 1973), United States v. Theodore, 479 F.2d 749 (4th Cir. 1973), we have found none which have denied the request for tax preparers' customer lists. In fact, United States v. Theodore, supra, denied the enforcement of a subpoena to examine the records of customers but did approve the propriety of requiring a list of names and addresses of those for whom returns were prepared.

The recent case of Bisceglia v. United States, supra, dealt with an attempt to examine the records of a bank to learn the identity of a customer who had negotiated a certain transaction. The court refused to countenance the use of a Section 7602 summons for that purpose. But, there is an obvious distinction in that case which sought documents to secure information not otherwise in the control of the Internal Revenue and the request here which is to secure enough facts so that the Commissioner may locate data which he now possesses. Furthermore, since the regulations require that a return prepared by a commercial tax preparer be identified as such, the data which the summons seeks is required by law in any event.

In addition to United States v. Theodore, supra, United States v. Turner, 480 F.2d 272 (7th Cir. 1973) expressly approves the procedure of furnishing customer lists. While we are not disposed to extend the scope of a Section 7602 summons, we see no real conflict between Bisceglia and this case and conclude that the precedents of Turner, supra, and Theodore, supra, correctly state the applicable law.

The contention that this data may be used in the preparation of a criminal charge against the petitioner is without merit and is ruled by Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

The judgment of the district court will be affirmed.